IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEON A. POLLARD | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. AMD-07-691 |
| EDITH LLOYD, | : | |
| WADE BERRY, | | |
| WILLIAM H. THRUSH, | : | |
| RAYMOND CARIGNAN, | | |
| JUDGE ALBERT W. NORTHROP, | : | |
| JUDGE WILLIAM B. SPELLBRING, JR., | | |
| and JACK B. JOHNSON | : | |
| Defendants | : | |

...o0o...

MEMORANDUM

This civil rights action was filed on March 16, 2007, together with the $350 filing fee. The complaint and the amended complaint do not clearly state a federal cause of action and pertain to state litigation which is currently pending in the Maryland Court of Appeals. Paper No. 1 at p. 2. As relief, plaintiff seeks monetary damages, and an injunction against the Circuit Court for Prince Georges County, Maryland. *Id*.

Although the complaint is no picture of clarity, the allegations pertain only to ongoing litigation or defendants' participation in that litigation. With respect to plaintiff's claims against members of the Maryland judiciary, they are barred by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226–27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."). Plaintiff's pending appeal is the appropriate remedy. "Most judicial mistakes or wrongs are open

to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Id*.

     To the extent that plaintiff alleges his constitutional rights were violated in the process of litigating his claim in state court, this court is without jurisdiction to hear those claims. As a matter of comity, this court will not intervene in a matter that the state courts have not had an opportunity to address. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). In addition, the Anti-Injunction Act prohibits this court from enjoining proceedings in state court. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). Accordingly, the remaining claims will be dismissed without prejudice. A separate order follows.

Filed: April 3, 2007                           _/s/_____
                                                                     Andre M. Davis
                                                                     United States District Judge